UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

RUDOLPH BETANCOURT, Individually,

    Plaintiff,

vs.                                        Case No.

D. H. M. INVESTMENTS, INC., a Florida
Corporation, doing business as Comfort Inn
& Suites (FL579),

    Defendant.
_____/

# COMPLAINT
*(Injunctive Relief Requested)*

Plaintiff, RUDOLPH BETANCOURT, Individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, D. H. M. INVESTMENTS, INC., a Florida Corporation, doing business as Comfort Inn & Suites (FL579) (herein sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 USC § 12181, et seq. ("ADA").

1. Plaintiff, Rudolph Betancourt, is an individual residing in Fenwick, MI, in the County of Montcalm.

2. Defendant's property, Comfort Inn & Suites (FL579), is located at 3551 W. Commercial Blvd., Ft. Lauderdale, FL 33309, in the County of Broward.

3. Venue is properly located in the Southern District of Florida because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4. Pursuant to 28 USC § 1331 and 28 USC § 1343, this Court has been given

original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 USC § 12181, et seq. *See also*, 28 USC § 2201 and § 2202.

5. Rudolph Betancourt is a Michigan resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Mr. Betancourt is a double amputee who uses either prosthetic devices and/or a wheelchair for mobility.

6. Rudy Betancourt regularly travels regularly from his home in Michigan to Fort Lauderdale to see friends and relatives, including his cousins and fellow Marines. On this occasion he met with his nephew, and he enjoys the culture the area offers.

7. Mr. Betancourt stayed as a hotel guest at the subject hotel, which forms the basis of this lawsuit, on November 4, 2022, and has reservations to return to the subject hotel on September 9, 2023, to avail himself of the goods and services offered at the property, and to confirm the property is brought into compliance with the ADA.

8. Mr. Betancourt continues to return to the South Florida area on a regular basis, and he definitely shall be returning to Fort Lauderdale area in the near future.

9. The barriers to access at the subject property have impaired his use of the facilities, and have endangered his safety.

10. Defendant owns, leases, (or leases to), or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Comfort Inn & Suites (FL579), and is located at 3551 W. Commercial Blvd., Ft. Lauderdale, FL 33309.

11. Rudolph Betancourt has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the property

as described but not necessarily limited to the allegations in paragraphs 15-39 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.

12. Mr. Betancourt desires to visit Comfort Inn & Suites (FL579), not only to avail himself of the goods and services available at the property, but to assure himself that the property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

13. The Defendant has discriminated against the individual Plaintiff, by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 USC § 12182, et seq.

14. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Comfort Inn & Suites (FL579) has shown that violations exist. These violations which Rudolph Betancourt personally encountered or observed, and which were confirmed by an ADA expert include, but are not limited to:

**Accessible Parking**

15. There is no marked access aisle at the passenger loading zone adjacent to the vehicle pull-up space making it difficult for the Plaintiff to utilize, in violation of Section 503.3 of the 2010 ADA Standards, whose resolution is readily achievable.

**Service Counters**

16. The toaster, plasticware, and coffee condiments that are on the service counter exceed the maximum height requirement of 48 inches above the finish floor making it difficult

for the Plaintiff to utilize, in violation of Sections 308.2.2, 308.3.2, and 309.3 in the 2010 ADA Standards, whose resolution is readily achievable.

### Dining Area

17. The dining area does not provide at least 5% of compliant seating at the tables as required making it difficult for the Plaintiff to utilize the tables, in violation of Section 226.1 of the 2010 ADA Standards, whose resolution is readily achievable.

18. The tables in the dining area do not provide compliant knee and toe clearance as required making it difficult for the Plaintiff to utilize, in violation of Sections 306.2 and 306.3 of the 2010 ADA Standards, whose resolution is readily achievable.

### Men's Public Restroom

19. The men's restroom has a coat hook that exceeds the maximum height allowance of 48 inches above the finished floor making it difficult for the Plaintiff to utilize, in violation of Sections 308.2, 308.3, 309.3, and 603.4 of the 2010 ADA Standards, whose resolution is readily achievable.

20. The water closet is obstructing the clear floor space for an approach to the toilet seat cover dispenser making it difficult for the Plaintiff to reach, in violation of Sections 305.3, 305.6, and 309.3 of the 2010 ADA Standards, whose resolution is readily achievable.

21. The mirror exceeds the maximum height requirement of 40 inches above the finish floor making it difficult for the Plaintiff to utilize, in violation of Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

22. The paper towel dispenser exceeds the maximum height requirement of 48 inches above the finish floor measured to the operable mechanism making it difficult for the Plaintiff to utilize, in violation of Sections 308.2.1, 308.3.1 and 309.3 of the 2010 ADA Standards, whose resolution is readily achievable.

23. The rear wall and side wall grab bars are installed above the maximum height allowance of 36 inches above the finish floor measured to the top of the gripping surface, which made it difficult for the Plaintiff to utilize, in violation of Section 609.4 of the 2010 ADA Standards, whose resolution is readily achievable.

24. The Plaintiff had difficulty using the toilet due to the trash receptacle obstructing the 60 inches of clear floor space measured perpendicular from the side wall as required, in violation with Sections 604.3.1 and 604.8.1.1 of the 2010 ADA Standards, whose resolution is readily achievable.

**Pool and Spa Area**

25. The tables do not provide compliant knee and toe clearance as required making it difficult for the Plaintiff to utilize, in violation of Sections 306.2, 306.3, and 902.2 of the 2010 ADA Standards, whose resolution is readily achievable.

26. The pool area does not provide at least 5% of compliant seating at the tables as required making it difficult for the Plaintiff to utilize the tables, in violation of Section 226.1 of the 2010 ADA Standards, whose resolution is readily achievable.

27. The ramp from the pool area to the entry door exceeds the maximum slope allowance making it difficult for the Plaintiff to utilize, in violation of Section 405.2 of the 2010 ADA Standards, whose resolution is readily achievable.

**Accessible Room 108**

28. The entry door does not provide 18 inches of latch side maneuvering clearance parallel to the doorway as required making it difficult for the Plaintiff to utilize, in violation of Section 404.2.4.1 in the 2010 ADA Standards, whose resolution is readily achievable.

29. The Plaintiff had difficulty using the peep hole on the entry door because an additional lowered peep hole was not provided, in violation of Section 309.3 in the 2010 ADA Standards, whose resolution is readily achievable.

30. The restroom door has a twist lock that requires pinching and twisting of the wrist to operate making it difficult for the Plaintiff to utilize, in violation of Section 309.4 of the 2010 ADA Standards, whose resolution is readily achievable.

31. The Plaintiff had to use caution when utilizing the lavatory due to the drainpipe and water supply lines being exposed and in need of insulation, in violation of Section 606.5 in the 2010 ADA Standards, whose resolution is readily achievable.

32. The toilet paper dispenser is not in the compliant location 7 inches minimum and 9 inches maximum from the front rim of the toilet to the centerline of the dispenser making it difficult for the Plaintiff to utilize, in violation of Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

33. The water closet obstructs the clear floor space for an approach to the towel shelf making it difficult for the Plaintiff to reach, in violation of Sections 305.3 and 305.6 in the 2010 ADA Standards, whose resolution is readily achievable.

34. The flush control is not located on the open side of the water closet making it difficult for the Plaintiff to utilize, in violation of Section 604.6 of the 2010 ADA Standards, whose resolution is readily achievable.

35. The standard roll-in type shower does not provide a permanent folding seat as required in transient lodging making it difficult for the Plaintiff to utilize, in violation of Sections 213.3.6 and 608.4 of the 2010 ADA Standards, whose resolution is readily achievable.

36. The existing shower spray unit and the faucet controls are located on the end wall, making it difficult for the Plaintiff to utilize. In transient lodging, a permanent fixed seat is

required therefore the controls and shower spray unit shall be located on the back wall as required, in violation of Section 608.5.2 of the 2010 ADA Standards, whose resolution is readily achievable.

37. The shower spray unit exceeds the maximum height requirement of 48 inches above the finish floor making it difficult for the Plaintiff to reach, in violation of Sections 213.3.6, 308.2, 309.3, and 608.5.2 of the 2010 ADA Standards, whose resolution is readily achievable.

### Lack of Compliant Disabled Rooms Properly Dispersed

38. The subject hotel lacks the required number of compliant disabled rooms, and the disabled rooms are not dispersed amongst the various classes of guest rooms, in violation of Section 224.5 of the 2010 ADAAG.

### Maintenance

39. The accessible features of the facility are not maintained, creating barriers to access for Rudolph Betancourt, as set forth herein, in violation of 28 CFR 36.211.

40. All of the foregoing cited violations are violations of both the 1991 Americans with Disabilities Act Guidelines (ADAAG) and the 2010 Standards for Accessible Design, as adopted by the Department of Justice.

41. The discriminatory violations described in paragraphs 15-39 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, and all other individuals similarly-situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA

violations, as set forth above. The Plaintiff, and all others similarly-situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

42. Defendant has discriminated against the Plaintiff by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 USC § 12181, et seq. and 28 CFR 36.302, et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly-situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

43. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction.

44. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 USC § 12205 and 28 CFR 36.505.

45. Defendant is required to remove the existing architectural barriers to the physically disabled, when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative,

if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

46. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

47. Pursuant to 42 USC § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter Comfort Inn & Suites (FL579), to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

WHEREFORE, Plaintiff respectfully requests:

A. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 USC § 12181, et seq.

B. Injunctive relief against the Defendant, including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and useable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies,

practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

C. An award of attorney's fees, costs and litigation expenses pursuant to 42 USC § 12205.

D. The Order shall further require the Defendant to maintain the required accessible features on an ongoing basis.

E. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully submitted,

Dated: February 23, 2023

*/s/ Brandon A. Rotbart*
Brandon A. Rotbart, Esq.
FL Bar No. 124771
Law Office of Brandon A. Rotbart
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
Telephone: (305)350-7400
Facsimile: (305) 893-9505
rotbart@rotbartlaw.com

*Counsel for Plaintiff Rudolph Betancourt*